```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE
```

Wayne E. Hopper,
     Plaintiff

     v.                                   Civil No. 06-cv-10-SM
                                          Opinion No. 2007 DNH 016
Standard Insurance Company;
William Gallagher Associates;
and Cubic Wafer, Inc.,
     Defendants


**O R D E R**


Wayne Hopper brings this suit against Standard Insurance Company ("Standard"), William Gallagher Associates ("WGA"), and Cubic Wafer, Inc. ("Cubic Wafer" or "the Company"), formerly known as Xanoptix, Inc., claiming that he relied, to his detriment, upon incorrect representations made by the defendants regarding Cubic Wafer's group disability insurance plan.  Hopper also alleges that Cubic Wafer violated his rights under the Americans with Disabilities Act ("ADA").

Defendant Cubic Wafer answered and cross-claimed against Standard and WGA (document no. 17).  Specifically, against WGA, Cubic Wafer claims breach of fiduciary duty (Count I), negligence (Count II), negligent misrepresentation (Count III), and promissory estoppel (Count IV).  Cubic Wafer also seeks

indemnification (Count V) and contribution (Count VI) from WGA in the event it is held liable to Hopper.  Against Standard, Cubic Wafer asserts negligence (Count VII), negligent misrepresentation (Count VIII), promissory estoppel (Count IX), indemnification (Count X), and contribution (Count XI).

Cross-claim Defendants Standard and WGA move to dismiss cross-claim Counts I through XI.  For the reasons set forth below, Standard's motion is granted and WGA's motion is denied.

### STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) permits a court to dismiss a claim when the plaintiff "fail[s] to state a claim upon which relief can be granted."  Under this rule, the court must conduct a limited inquiry, focused not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When reviewing a motion to dismiss, the court must accept all facts pleaded in the complaint as true and any inferences must be drawn in the light most favorable to the plaintiff.  See, e.g., Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31 (1st Cir. 2004) (quoting TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000)).  The court may,

however, "reject claims that are made in the complaint if they are 'bald assertions' or 'unsupportable conclusions.'" United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004) (quoting Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002)).  "A district court may grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted only if 'it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

**DISCUSSION**

The relevant facts and applicable legal framework are described in the court's contemporaneous order (document no. 42) granting Standard's and granting in part WGA's Motions to Dismiss.

I.   Breach of Fiduciary Duty.

Count I of Cubic Wafer's cross-claims alleges that WGA owed Cubic Wafer a fiduciary duty to properly advise the Company with regard to the scope of insurance and employee benefit products and services sold by WGA.  Because WGA is not an ERISA entity,

see Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 53 (1st Cir. 2000) (citing Stetson v. PFL Ins. Co., 16 F. Supp. 2d 28, 33 (D. Me. 1998)) (explaining that the "primary ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries of the plan"), and because WGA played no role in administering plan benefits provided under Standard's insurance policy, any fiduciary duty WGA allegedly owed Cubic Wafer arose, if at all, independently of the ERISA plan. The claim is therefore not sufficiently "related" to an ERISA plan to justify preemption, and, accordingly, WGA's motion to dismiss Count I is denied.

II.  Negligence and Negligent Misrepresentation.

Counts VII and VIII of Cubic Waver's cross-complaint allege that Standard negligently misrepresented the scope of disability insurance coverage available under Standard's policy. Counts II and III assert the same against WGA.

As against Standard, both counts "relate to" the ERISA plan, since adjudication of those claims necessarily requires comparison of the representations made to Cubic Wafer with the coverage provided under the plan. See Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 794-95 (1st Cir. 1995) (claims that required review of an ERISA-governed plan were preempted).

4

Accordingly, Cubic Wafer's negligence claims against Standard are preempted by ERISA and Standard's motion to dismiss is granted.

Cubic Wafer's negligence and negligent misrepresentation claims against WGA, however, are different.  As discussed in the contemporaneous order (document no. 42), WGA's role was that of "a seller of insurance, not as an administrator of an employee benefits plan."  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 991 (10th Cir. 1999).  Because claims relating to the sale and marketing of benefit plans are traditionally not preempted by ERISA, see Hampers, 202 F.3d at 53 (citing cases), Cubic Wafer's negligence and negligent misrepresentation cross-claims against WGA are not preempted by ERISA.  WGA's motion to dismiss Counts II and III is denied.

III. Promissory Estoppel, Indemnification, and Contribution.

Counts IV and IX, against WGA and Standard, respectively, seek to enforce the promised insurance coverage upon which Cubic Wafer and Hopper allegedly relied.  Counts V and X seek indemnification from WGA and Standard, respectively, and Counts VI and XI seek contribution from WGA and Standard, respectively.

As against Standard, all three claims are dismissed.  In denying benefits to Hopper, Standard plainly acted in its capacity as an ERISA entity, determining benefit eligibility.  Moreover, like the negligence claims, Cubic Wafer's promissory estoppel, indemnification, and contribution claims are sufficiently related to the ERISA-governed benefits plan that adjudication of those claims would require the court to review and construe the plan.  To allow Cubic Wafer to recover from Standard would essentially provide an "'alternative enforcement mechanism[]' to ERISA's enforcement regime," Hampers, 202 F.3d at 51 (quoting N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 646 (1995)), which is the very sort of redress that the ERISA preemption clause seeks to eliminate.  See Travelers, 514 U.S. at 646.  Cubic Wafer's claims against Standard all seek, substantively, some form of relief defined by coverage (benefits) claimed to be owed Hopper under the plan, or the plan as described.  Accordingly, Cubic Wafer's promissory estoppel, indemnification, and contribution claims are preempted, and Standard's motion to dismiss is granted.

As against WGA, Cubic Wafer's claims remain viable for the same reasons its negligence and breach of fiduciary duty claims

remain viable. The conduct about which Cubic Wafer complains relates only to the sale of benefit plans and insurance policies. WGA played no role in the administration of the benefit plan and did not determine coverage eligibility for plan participants. As noted above, that type of conduct is not sufficiently "related" to the ERISA plan to justify preemption of claims arising from such conduct. Accordingly, WGA's motion to dismiss Counts IV, V, and VI is denied.

## CONCLUSION

For the foregoing reasons, Defendant Standard Insurance Company's Motion to Dismiss Cubic Wafer's Cross-Claims (document no. 22) is granted as to all claims asserted against it. Defendant William Gallagher Associates's Motion to Dismiss Cubic Wafer's Cross-Claims (document no. 34) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 7, 2007

cc:  Edwinna C. Vanderzanden, Esq.
     Byrne J. Decker, Esq.
     William D. Pandolph, Esq.
     Charles P. Bauer, Esq.
     Stephen A. Duggan, Esq.